BACKUS *v.* COUNTY BOARD OF APPEALS
FOR MONTGOMERY COUNTY ET AL.

[No. 85, September Term, 1960.]

*Decided December 16, 1960.*

*Motion for rehearing filed by appellees Eskew and Wallace January 16, 1961, denied January 18, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Carl J. Batter, Jr.,* for the appellant.

*C. Edward Nicholson* for the individual appellees.

*William M. Canby, Assistant County Attorney for Montgomery County,* with whom were *Alfred H. Carter, County Attorney,* and *Douglas H. Moore, Jr., Assistant County Attorney,* on the brief, for the County Board of Appeals, the other appellee.

HENDERSON, J., delivered the opinion of the Court.

This case originated upon the filing of a petition by two licensed dentists, Dr. Eskew and Dr. Wallace, for a special

exception, under sections 107-8 b and 107-28 q of the Montgomery County Zoning Ordinance, to permit the construction and use of a "dental clinic" on certain lots in Silver Spring, in a residential R-60 zone. After public hearing, the exception was granted by the County Board of Appeals, pursuant to the authority granted by section 107-21 a (3) of the Ordinance. The protestants entered an appeal to the circuit court, pursuant to Code (1957), Art. 25A, sec. 5 (U). The court affirmed the Board's action, and appeal to this Court was duly entered by one of the protestants.

The question raised by the protestants at every stage of the case concerned the legality of the Board's action. That was a proper inquiry. Code (1957), Art. 25A, sec. 5 (U) provides that the circuit court on appeal has power to affirm the decision of the Board "or if such decision is not in accordance with law, to modify or reverse such decision * * *." The fact that the Board did not, or could not, pass on the validity of the Ordinance, is not controlling. Cf. *Ellicott v. Mayor & C. C. of Baltimore,* 180 Md. 176, 179, *Heath v. Mayor & C. C. of Baltimore,* 187 Md. 296, 304, and *Mayor & C. C. of Baltimore v. Seabolt,* 210 Md. 199, 206. The trial court's comment that the case was not a proper one for declaratory judgment is beside the point. There was no prayer for declaratory relief, and the proceeding was by way of appeal, as authorized by the general powers act. The appellant's contention appears to be two-fold. She argues that the proposed use did not fall into the category of a "dental clinic", and if it did, the proposed use is in violation of the general law, Code (1957), Art. 32, sec. 1, regulating the practice of dentistry.

In presenting the case to the trial court the parties stipulated that the petition on appeal and the appellees' answer thereto should constitute the statement of the case in lieu of the record. We are thus left somewhat in the dark as to the exact details of the proposed operation. However, the stipulation also included the opinion and resolution of the Board, from which it appears that the grant of a special exception was made subject to a condition precedent that the petitioners file an affidavit "that the proposed corporation referred to by

petitioners at the public hearing has been formed and has taken title to the subject premises, and that the partnership or joint venture which is to engage in the proposed group practice as lessee of the premises conducting a dental clinic has been organized and is ready to commence such use of the premises upon completion of the proposed facilities, this affidavit to be accompanied by a copy of the partnership or joint venture agreement * * *." We must assume that the petitioners had proposed to form a partnership or joint venture to engage in group practice since this was the express condition upon which the exception was granted.

We may perhaps infer that the proposed operation was designed to claim certain advantages under the Federal Income Tax law available to clinics classified as corporations and their employees. See *Pelton v. Commissioner of Internal Revenue*, 82 F. 2d 473 (7th Cir.), *United States v. Kintner*, 216 F. 2d 418 (9th Cir.), and Note 12 Ala. L. Rev. 415. But, according to the great weight of authority, state laws generally forbid the practice of medicine or dentistry by a corporation or other entity through licensed employees. See Note, 103 A.L.R. 1240.

Section 107-2 of the Ordinance defines the term "dental clinic" as "[a]n establishment where patients are accepted for special study and treatment by a group of dentists practicing dentistry together." "Medical clinic" is defined as "[a]n establishment where patients are accepted for special study and treatment by a group of physicians practicing medicine together." The latter definition is almost identical with the definition of "clinic", in Dorland's Medical Dictionary (23d ed.), p. 290, as "[a]n establishment where patients are admitted for special study and treatment by a group of physicians practicing medicine together." The American People's Encyclopedia (1955 ed.) states that "the essential characteristic [of a clinic] seems to be the presentation of individual problems to a panel of experts for consideration and recommendations." Implicit in all of the definitions is the concept of joint consultation and a holding out to the public of diagnosis or treatment by a panel of specialists dealing with particular aspects of the problem presented. The Board's in-

sistence that the petitioners form a partnership or joint venture, presumably with a sharing of fees or profits, would seem to indicate a belief that practice on a wholly individual basis would not meet the definition of clinic. Moreover, the fact that sec. 107-28 r of the Ordinance permits a special exception in the case of offices occupied by not more than two medical practitioners, subject to restrictions as to area and a finding that office space was not available in the nearest commercial zone, indicates that the legislative body itself drew a distinction between individuals practicing together and as a clinic. To bring themselves within the latter exception, the petitioners must practice as a group or entity and not merely as individuals. Cf. *Red Acres Imp. Club v. Burkhalter,* 241 S. W. 2d 921, 925 (Tenn.) and *City of Champaign v. Roseman,* 155 N. E. 2d 34, 37 (Ill.).

Code (Supp. 1959), Art. 32, sec. 1, provides in part: "All licenses issued by the Board [of Dental Examiners] shall be issued to individual persons, and it shall be unlawful for any dentist to practice in this State under any name except his own true name. No license shall be issued to any corporation, association, partnership, parlor, or any entity or association of any kind or character. It shall be unlawful for any individual or group of individuals to practice dentistry in this State as a corporation or under a corporate name; or under a partnership name; as an association or under an association name; as a parlor or under any parlor name, or an entity or under the name of any entity of any kind or character." Section 18 contains various exceptions as to clinics operated by certain institutions or corporations, such as colleges, hospitals, or business corporations treating their own employees, none of which are applicable in the instant case. Section 11 (f) provides that a license may be revoked or suspended if the licensee uses the name of any "parlor, dental clinic or business name in connection with the practice of dentistry * * *." The fact that the legislature thought it necessary to except some types of clinics is some indication that they would have otherwise been prohibited under section 1.

The petitioners argue, however, that section 1 does not forbid practice as a partnership, but only "in the name of a

partnership." If we assume, without deciding, that this is true, we think the section does forbid practice as an entity of any kind, and a dental clinic, as defined, is a kind of entity. We think the proposed operation is forbidden under section 1 of the general law regulating the practice of dentistry, in the absence of evidence to bring it within the exceptions of section 18.

Whether a public general law should prevail over a public local law, or vice versa, is a question not always easy of determination. Cf. *Herman v. Mayor & C. C. of Baltimore*, 189 Md. 191 and *Heubeck v. City of Baltimore*, 205 Md. 203. It is largely a question of legislative intention. See *Kimball-Tyler v. Mayor & C. C. of Baltimore*, 214 Md. 86, 94. But it can hardly be maintained that the legislature, in granting the express power to enact local laws relating to zoning, under Code (Supp. 1959), Art. 25A, sec. 5 (X), or under Chapter 992 of the Acts of 1943, as amended, intended to authorize the repeal of the general law relating to the practice of dentistry. To the extent of the inconsistency, we think the general law must prevail in the instant case. However, there is no necessary inconsistency. The provision of the Ordinance as to special exceptions in favor of a dental clinic can properly be applied to those of the types permitted in section 18 of the general law. It cannot permit operations forbidden by section 1 of the general law. Cf. *Heubeck v. City of Baltimore, supra* at p. 208, and cases cited.

The appellees seem to contend, however, that the circuit court had no jurisdiction to determine whether the proposed operation was lawful or not, apparently upon the theory that only the Board of Dental Examiners could raise the question and then only after an illegal operation had been commenced, citing *Hitchcock v. Kloman*, 196 Md. 351. It was held in that case that a demurrer to a bill for declaratory decree that naturopathy was not the practice of medicine was properly sustained on the ground that there was no threat shown. In the instant case the question whether the Board could properly authorize a course of conduct forbidden by the general law was squarely in issue. To decide the question it is nec-

essary to construe both the Ordinance and the applicable statutes.

> *Order reversed and case remanded for the passage of a decree reversing the action of the county board of appeals and dismissing the petition, costs to be paid by the appellees Eskew and Wallace.*